# CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

**WHEREAS,** EDRIX DORVIL ("Dorvil") is a plaintiff in the proceeding styled as *Edrix Dorvil v. Republic Services of Florida, LP*, now pending in United States District Court Case No. 07-60395-CIV-(DIMITROULEAS/Lynch) (the "District Court action"), and has asserted various claims in the District Court action against Republic Services of Florida, LP (hereinafter referred to as the "Company"); and

WHEREAS, Dorvil and the Company desire to amicably resolve, without the need for any further legal proceedings, and without the admission of any liability, all disputed issues between them, including but not limited to those encompassed by the District Court action, and to do so desire to enter into this Confidential Settlement Agreement and General Release (the "Agreement");

**NOW, THEREFORE,** Dorvil and the Company agree as follows:

1. **Future relationship.** Dorvil will not communicate with any employees or former employees of the Company (or its respective parents, subsidiaries, divisions, affiliated organizations) concerning any disputes or potential disputes either Dorvil or those employees or former employees have, has or had with the Company (or its respective parents, subsidiaries, divisions, affiliated organizations), nor will Dorvil visit any former work location Dorvil had with the Company (or its respective parents, subsidiaries, divisions, affiliated organizations) or other work location of the Company (or its respective parents, subsidiaries, divisions, affiliated organizations).

2. **Payment and other settlement terms.**

    A. The Company agrees to make a payment to Dorvil (the "Settlement Sum"), as more fully described in this paragraph, in full and final settlement of all claims Dorvil has or may have against the Company (which Settlement Sum shall be inclusive of the costs, expenses and attorney fees incurred by Dorvil in the District Court action, and further encompasses any sum Dorvil's attorney may be due as attorney fees, costs or expenses), whether or not such claims are now known or unknown to Dorvil, or were raised or not raised by Dorvil in the District Court action. The Settlement Sum, paid in full and final settlement of the alleged claims of Dorvil in the District Court action and in exchange for the General Release provided by Dorvil in this Agreement and the other promises (including confidentiality) made by Dorvil in this Agreement, is for the total sum of Five Thousand Dollars and No Cents ($5,000.00), which is inclusive of the following:

    (i) the sum of Two Thousand Three Hundred Fifty Dollars and No Cents ($2,350.00), less applicable wage-related deductions, which is paid to resolve any and all claims that Dorvil could make under any law, rule, theory or regulation governing, related to, or arising from Dorvil's employment with the Company, including claims for liquidated damages and interest; and

    (ii) the sum of Two Thousand Six Hundred Fifty Dollars and No Cents ($2,650.00), which shall be deemed to represent attorney fees, costs and expenses associated

1

with the District Court action. The parties agree that Dorvil and Dorvil's attorneys have voluntarily relinquished any claim against the Company for attorney fees, costs or expenses arising from the District Court action or any other action involving Dorvil against the Company, other than as provided herein. Dorvil acknowledges that Dorvil has not received any tax advice from the Company's attorneys regarding the Settlement Sum.

B. Dorvil hereby agrees, represents and warrants that Dorvil shall have sole responsibility for the satisfaction of any and all taxes, liens or assignments in law or equity, or otherwise, that may exist with respect to any recovery by Dorvil under this Agreement, other than those deducted from the portion of the Settlement Sum identified in paragraph 2A(i), and that Dorvil will fully satisfy all taxes, liens, and assignments, upon receipt of the settlement payments. Dorvil represents that Dorvil is not subject to any garnishment or wage deduction order, including but not limited to any order for the payment of child support.

C. Dorvil agrees that, absent Dorvil's agreement to the provisions of this Agreement, Dorvil is not otherwise entitled to the entire Settlement Sum and that the entire Settlement Sum is not a substitute for anything to which Dorvil is otherwise entitled. By Dorvil's signature on this Agreement, Dorvil and Dorvil's attorneys further affirmatively state that the Settlement Sum is equal to or exceeds the total sum Dorvil is entitled to as a result of any and all claims Dorvil has made or could make against the Company or Releasees (as defined in Paragraph 6D) under the Fair Labor Standards Act (FLSA), and agree that this Agreement is affirmative evidence that Dorvil is not entitled to any additional monies from the Company for any work Dorvil performed for the Company at any time, or as attorney fees or costs associated with any claims Dorvil made under the FLSA. Dorvil states that upon Dorvil's receipt of Dorvil's portion of the Settlement Sum, Dorvil will have been paid all sums to which Dorvil could make any claim under the FLSA against the Company or Releasees.

D. Each party shall bear its own costs and attorney fees, if any, except as otherwise expressly provided in this Agreement.

E. The payments contemplated by paragraph 2A of this Agreement will be due to Dorvil within ten (10) days after receipt by the Company's attorneys of the originals of all of the signed original settlement agreements referenced in this paragraph 2E. Dorvil is advised to consult with any attorney who represents Dorvil prior to executing this Agreement and agrees that Dorvil has, in fact, consulted with those attorneys prior to executing this Agreement about the terms and conditions of this Agreement. Dorvil agrees that Dorvil has signed this Agreement knowingly, voluntarily, and after such other consultation as Dorvil thought appropriate. Dorvil acknowledges that Dorvil has received no legal advice from the Company or its attorneys regarding this Agreement.

F. Dorvil acknowledges that the employment Dorvil had with the Company has terminated. Dorvil acknowledges that Dorvil has no expectation of future employment with the Company (or its respective parents, subsidiaries, divisions, affiliated organizations).

3. **Releases**.

A. In exchange for the monies described in paragraph 2 above, Dorvil (on Dorvil's own behalf and on behalf of Dorvil's spouse, heirs, personal representatives, and any other person who may be entitled to make a claim on Dorvil's behalf or through Dorvil), releases and discharges Releasees (as that term is defined in paragraph 6D herein), from any and all claims, charges, actions and causes of action of any kind or nature that Dorvil once had or now has, whether arising out of Dorvil's employment or otherwise, and whether such claims are now known or unknown to Dorvil. Dorvil represents that Dorvil has not filed any charges, claims or actions against Releasees as of the date Dorvil signs this Agreement. Further, Dorvil agrees not to bring any charges, claims or actions against Releasees or any of them in the future arising from events, acts, or omissions occurring prior to the date on which Dorvil accepts the monies described in paragraph 2 above. This release does not apply to release any claims, charges, actions or causes of action of any kind or nature based wholly on facts that arise after this Agreement is signed by Dorvil.

B. Dorvil realizes that there are many laws and regulations relating to employment relationships, including without limitation: 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act of 1967, the Employee Retirement and Income Security Act of 1974; the Family and Medical Leave Act; the Americans with Disabilities Act; the Employee Retirement and Income Security Act; the Florida Private Whistleblower Act; the Florida Civil Rights Act of 1992, the Older Workers Benefits Protection Act as well as various other federal, state or local laws, constitutional provisions, and human rights laws as well as the laws of contract and tort. **Without limiting the generality of this Release, Dorvil releases the Releasees from any and all claims Dorvil may have under those laws, arising from the events, acts, or omissions occurring prior to the date on which Dorvil accepts the payment described in paragraph 2, above.** Dorvil agrees that, absent Dorvil's agreement to the provisions of this Agreement, Dorvil is not otherwise entitled to the entire Settlement Sum and that the entire Settlement Sum is not a substitute for anything to which Dorvil is otherwise entitled.

4. **No admission.** The parties to this Agreement agree that neither this Agreement nor the act of entering into the Agreement constitutes an admission by any of them of any: (a) violation of any statute, law, regulation, order or other applicable authority; (b) breach of contract, actual or implied; or (c) commission of any tort.

5. **Confidentiality.**

A. Other than as expressly permitted by this Agreement, Dorvil and Dorvil's attorneys agree that they will not at any time or in any manner talk about, write about, disclose or otherwise publicize or cause to be publicized: (a) the fact that the parties to this Agreement have settled their disputes; (b) the terms or existence of this Agreement or its negotiation, execution, or implementation; or (c) Dorvil's claims against Releasees. Dorvil further agrees not to at any time or in any manner talk about, write about, disclose or otherwise publicize or cause to be publicized, the employment policies or practices of Releasees or the proprietary and trade secret information of Releasees. Dorvil's attorneys agree that they will not at any time or in any

manner talk about, write about, disclose or otherwise publicize or cause to be publicized the employment polices or practices of Releasees, other than in the course of representing a client or communicating with a potential client. It will not be considered a violation of this paragraph for Dorvil to inform Dorvil's spouse, attorneys or accountants of the amount or the nature of the settlement if such persons are also informed that the information is confidential and must not be disclosed to others. Dorvil's attorneys agree that if they are contacted regarding Dorvil, Dorvil's attorneys will limit any response the make to indicating that they "cannot comment on the case or anything concerning the case" or words of identical meaning, and will not disclose any further information encompassed by this Agreement. Dorvil agrees not to make any disparaging remarks about Releasees, or any present or former officer, director, shareholder, or employee of Releasees, and agrees not to make any disparaging remarks about Releasees' business. **Dorvil understands that this Agreement specifically prevents Dorvil from discussing this settlement of Dorvil's claims with any person (including relatives, and including current or former employees of the Company or Releasees), or in any manner that is inconsistent with this Agreement.** No part of this Agreement is intended to limit (or should be interpreted as a limitation on) the practice of law by Dorvil's attorneys, nor a limitation on the investigatory or other authorized functions of any government agency.

        B.     Dorvil agrees that, unless required by law or by a court of competent jurisdiction, Dorvil will not testify or otherwise give evidence in any forum or form concerning Dorvil's employment by the Company, Dorvil's claims against the Company, the Company's business, or the employment policies or practices of the Company. If Dorvil is asked or subpoenaed or otherwise requested to testify or give evidence in any forum or form, Dorvil agrees to contact and to notify the Company *in writing*: (a) within 48 hours after receiving the subpoena or other verbal or request to give evidence; or (b) before the date of Dorvil's testimony, whichever is earlier. Further, Dorvil agrees to meet with the attorneys and/or other designees for the Company in connection with Dorvil's testimony and, at all times, Dorvil will testify truthfully. No part of this Agreement is intended to interfere with any function of the EEOC or any other comparable agency.

        C.     Dorvil acknowledges that the confidentiality provisions Dorvil has agreed to in this Agreement are an integral part of the resolution of the District Court action and a material inducement for the Company to enter into this Agreement. Because of the difficulties in determining damages, if either Dorvil or any other person governed by this Agreement violates the provisions of paragraph 1, this paragraph 5, or paragraph 6E below, Dorvil agrees to pay the Company, as liquidated damages, Five Hundred Dollars ($500.00) for each violation of those provisions.

6.    **Miscellaneous.**

        A.     This Agreement shall be interpreted and enforced in accordance with the laws of the State of Florida.

        B.     If one or more paragraphs (or provisions thereof) of this Agreement are ruled unenforceable, the Company shall be entitled to enforce the remainder of this Agreement.

C. The parties agree that this Agreement sets forth all of the covenants, promises, agreements, conditions and understandings between them, and supersedes any and all prior covenants, promises, agreements, conditions or understandings between them other than those set forth in this Agreement. This Agreement may not be modified orally but only in writing signed by the parties. The parties agree that, in entering into this Agreement, they have not relied on any representation other than those set forth in this Agreement.

D. As used in this Agreement, the term "Releasees" shall mean the Company, as well as its respective parents, subsidiaries, divisions, affiliated organizations, insurers, and their respective successors and assigns, together with their directors, officers, employees, agents, attorneys, representatives, shareholders and their respective heirs and personal representatives.

E. The parties agree that, unless required by law or by a court of competent jurisdiction, this document shall remain confidential and will not be used for any purpose other than enforcing its specific terms in an action by the parties to this Agreement or the Releasees described in paragraph 6D above.

F. This Agreement may be executed in counterparts, and each counterpart shall be deemed to constitute a duplicate original of this Agreement.

G. Dorvil agrees that Releasees may freely assign all of their rights, liabilities, and obligations under this Agreement to any affiliated legal entity of which they are or become a parent, subsidiary, division, or affiliated organization, and their respective successors and assigns, without notice to or consent of Dorvil. Dorvil agrees that this Agreement shall bind and inure to the benefit of any such assignee or any successor of that assignee.

H. Dorvil agrees to return any and all documents, including reproductions thereof, that Dorvil obtained during Dorvil's employment with the Company (with the sole exception of Dorvil's pay stubs), or that Dorvil or Dorvil's attorney otherwise obtained in connection with the District Court action or otherwise, within five (5) business days of the date on which Dorvil receives the Settlement Sum provided for in paragraph 2A above.

I. The "Whereas" clauses set forth in the beginning of this Agreement are hereby incorporated into the terms and conditions of this Agreement as if fully set forth herein.

Witnesses: _____

_____

Witnesses: _____

_____

Edrix Dorvil _____

Date: 3/13/08

Republic Services of Florida, LP

By: _____
As: Vice President, Republic Services of Florida GP, Inc., its General Partner
Date: 3/24/08

5

## PARTICIPATION OF COUNSEL FOR THE PARTIES

By their signatures on this Agreement, the undersigned attorneys affirm that, acting as counsel for their clients in connection with this Agreement and the disputes it resolves, they participated in the drafting and negotiation of this Agreement on behalf of their respective clients and have explained to their clients the significance and import of all provisions of this Agreement. However, the parties to this Agreement and their attorneys agree that the signatures below do not create any affirmative responsibilities, duties or obligations on the part of said attorneys except as expressly provided in the Agreement.

ROSENTHAL & LEVY, P.A.
Attorney for Dorvil
1645 Palm Beach Lakes Boulevard
Suite 350
West Palm Beach, Florida 33401

By: _____
Alan M. Aronson
Florida Bar No. 45969

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Attorneys for the Company
200 E. Las Olas Boulevard, Suite 2100
Fort Lauderdale, Florida 33301

By: _____
Eric K. Gabrielle
Florida Bar No. 160725
Jon K. Stage
Florida Bar No. 779430